## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ROMEO | CIVIL ACTION |
| vs. | NO. 0868 |
| CAESAR'S ENTERTAINMENT OPERATING COMPANY, INC. d/b/a HARRAH'S RESORT ATLANTIC CITY | |

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

Defendant, HARRAH'S ATLANTIC CITY PROPCO, LLC (Incorrectly designated as "CAESAR'S ENTERTAINMENT OPERATING COMPANY, INC. d/b/a HARRAH'S RESORT ATLANTIC CITY") (hereinafter referred to as "Defendant"), by and through their attorneys, Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP. hereby remove the above-captioned case to this Honorable Court and provide notice of same to Counsel representing Plaintiff. In support of this Notice of Removal, the Defendant avers as follows:

1.      On February 11, 2013, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County.  (See a copy of the Complaint, attached hereto and marked as Exhibit "A".)

2.      In the Complaint, Plaintiff avers that he is a resident of Philadelphia, Pennsylvania.  (See Exhibit "A".)

3.      Plaintiff is domiciled at his Philadelphia, Pennsylvania address listed in the Complaint and thus, he is a citizen of Pennsylvania.

4.      Plaintiff alleges that this incident occurred on the premises of "Defendant," located in Atlantic City, New Jersey. (See Exhibit "A")

5.      Plaintiff is a citizen of Pennsylvania and Defendant, Harrah's Atlantic City Propco, LLC (Incorrectly designated as "CAESAR'S ENTERTAINMENT OPERATING COMPANY, INC. d/b/a HARRAH'S RESORT ATLANTIC CITY"), is a citizen of, and incorporated in, New Jersey, both at the time of filing of the Complaint, continuing to, and including the time of filing of this Notice of Removal.

6.      Thus, there exists diversity of citizenship for this Court to have jurisdiction over this matter.

7.      In the Complaint, Plaintiff seeks damages in excess of the State Court arbitration limit of $50,000.  (See Exhibit "A".)

8.      Further, Plaintiff specifically alleges that he suffered injuries including, but not limited to bilateral lumbar radiculopathy with possible herniated nucleus pulposus; bilateral knee contusions/strain; right ankle tendonitis; and other various contusions and abrasions, and/or has an aggravation of pre-existing condition(s) concerning body parts and functions, which are or may be a severe shock to the nervous system, and are serious, severe and permanent. (See ¶ 10 of the Complaint, attached as Exhibit "A".)

9.      Additionally, Plaintiff alleges that he suffered sever and permanent injuries, including but not limited to injuries to his right foot and ankle, low back and left knee, and a severe shock to his nerves and nervous system, all of which injuries are or will prove to be of a permanent nature or character, whereby he has suffered, is suffering,

and will suffer for an indefinite time into the future, all to his great detriment and loss. (See ¶ 11 of the Complaint, attached as Exhibit "A".)

10.     Additionally, Plaintiff alleges that because of this alleged incident, he has been prevented from his usual and customary wants, duties, toils, labors, occupations and avocations, thereby foregoing the pleasures and emoluments attendant thereto, all to his great detriment and loss. (See ¶ 12 of Plaintiff's Complaint, attached hereto as Exhibit "A".)

11.     Further, Plaintiff alleges that because of the alleged incident, he has and may in the future be required to expend various sums of money in an endeavor to treat and cure himself of his aforesaid injuries, all to his great detriment and loss. (See ¶ 13 of Plaintiff's Complaint, attached hereto as Exhibit "A".)

12.     Based on the allegations of Plaintiff's Complaint, the amount in controversy is certainly alleged to be in excess of $75,000.  (See Exhibit "A".)

13.     As such, the above-captioned Civil Action is one in which this Honorable Court has original jurisdiction pursuant to Title 28 United States Code § 1332, based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy is alleged to be in excess of $75,000, and it is accordingly one which may be removed to this Honorable Court by notice pursuant to Title 28 United States Code § 1441.

**WHEREFORE**, Defendant, HARRAH'S ATLANTIC CITY PROPCO, LLC (Incorrectly designated as "CAESAR'S ENTERTAINMENT OPERATING COMPANY, INC. d/b/a HARRAH'S RESORT ATLANTIC CITY"), respectfully requests that the

above action now pending in the Court of Common Pleas Philadelphia County be

removed to this Court.


**MINTZER, SAROWITZ, ZERIS, LEDVA
& MEYERS, LLP**

BY: _____
    LAWRENCE M. KELLY, ESQUIRE
    Attorney for Defendant(s), HARRAH'S ATLANTIC
    CITY PROPCO, LLC (Incorrectly designated as
    "CAESAR'S ENTERTAINMENT OPERATING
    COMPANY, INC. d/b/a HARRAH'S RESORT
    ATLANTIC CITY")
    Centre Square, West Tower
    1500 Market Street
    Suite 4100
Date: 03/04/2013          Philadelphia, PA 19102
    (215) 735-7200
    **MSZL&M File No. 007770.000334**

# EXHIBIT "A"

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:30 AM - 10/17/2013
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial de novo on appeal from a decision entered by a Judge. assessment of damages hearing
is required.

HOWARD A. TAYLOR, ESQUIRE

Identification Nos: 48217/41224
123 South Broad Street, Suite 1310
Philadelphia, PA 19109
(215) 732-9300

Filed and Attested by
PROTHONOTARY

Attorney for Plaintiff

CHARLES ROMEO                                :
1807 S. 8th STREET                           :
PHILADELPHIA, PA 19148                       :
                                             :
                                             :     PHILADELPHIA COUNTY
          v.                                 :     COURT OF COMMON PLEAS
                                             :     TRIAL DIVISION
CAESAR'S ENTERTAINMENT OPERATING :
COMPANY, INC., d/b/a HARRAH'S RESORT :            FEBRUARY TERM, 2013
ATLANTIC CITY                                :
777 HARRAH'S BOULEVARD                       :     No.
ATLANTIC CITY, NJ 08401                      :
                                             :
_____ :

## COMPLAINT

1.      Plaintiff, Charles Romeo, is a citizen and resident of the Commonwealth of Pennsylvania,

residing therein at 1807 S. 8th Street, Philadelphia, PA 19148.

2.      Defendant, Caesar's Entertainment Operating Company, Inc., d/b/a Harrah's Resort

Atlantic City (hereinafter "Harrah's"), is a corporation, organized and existing under the laws of

the State of Delaware, and maintains a place of business at 777 Harrah's Boulevard, Atlantic

City, Atlantic County, New Jersey 08401.

3.      At all times relevant hereto, the defendant conducted regular, substantial and continuous

business in the Commonwealth of Pennsylvania in general and Philadelphia County specifically.

4.      Defendant maintains a regular and continuous place of business known as Harrah's

Philadelphia Casino and Racetrack located at 777 Harrah's Boulevard, Chester, Pennsylvania

19013.

5.      Based upon information and belief, defendant has agreed to accept service and be subject

to the jurisdiction of the Philadelphia Court of Common Pleas due to the operation of its business

known as Harrah's Philadelphia Casino and Racetrack.

Case ID: 130200868

6.  On or about March 19, 2011, plaintiff, Charles Romeo, was lawfully on the premises of the defendant, when he was caused to slip and fall upon a dangerous and defective condition of the premises causing plaintiff to fall and sustain the injuries more specifically enumerated herein below.

7.  The aforesaid premises were at all times relevant hereto under the exclusive care and control of defendant.

8.  At the aforesaid time and place, defendant owed a duty of care by and through their servants, agents and employees to maintain the aforesaid premises in a reasonably safe condition for persons, including plaintiff, Charles Romeo, lawfully upon the aforesaid premises.

9.  At the aforesaid time and place, defendant, by and through its servants, agents, and employees, negligently and carelessly:

   a.  created, maintained and/or allowed to continue a dangerous and hazardous condition on its aforesaid premises of which it knew, or in the exercise of reasonable care should have known;

   b.  failed to warn or otherwise advise those lawfully upon the aforesaid premises of the said dangerous and hazardous condition;

   c.  failed to place barriers, signs, lights and other devices upon or near the aforesaid condition to warn those lawfully upon the aforesaid premises of its existence;

   d.  failed to remove or repair the aforesaid dangerous and hazardous condition;

   e.  was in other ways negligent, careless, reckless, willful and wanton at law;

   f.  allowed a dangerous and hazardous condition to exist which defendant knew or, in the exercise of reasonable care, should have known caused an unreasonable risk of harm to the public and, more particularly, to the plaintiff herein; and

   g.  failed to exercise due care with regard to the person of plaintiff, Charles Romeo, under all of the circumstances of the case.

10.    As a direct and proximate result of defendant's negligence as aforesaid, plaintiff, Charles Romeo, sustained injuries including, but not limited to bilateral lumbar radiculopathy with possible herniated nucleus pulposus; bilateral knee contusions/strain; right ankle tendonitis; and other various contusions and abrasions, and/or has an aggravation of pre-existing condition(s) concerning body parts and functions, which injuries are or may be a severe shock to the nervous system, and are serious, severe and permanent.

11.    As a direct result of the above accident, the plaintiff, Charles Romeo suffered severe and permanent injuries, including but not limited to injuries to his right foot and ankle, low back and left knee, and a severe shock to his nerves and nervous system, all of which injuries are or will prove to be of a permanent nature or character, whereby he has suffered, is suffering, and will suffer for an indefinite time into the future, all to his great detriment and loss.

12.    By reason of the aforesaid, the plaintiff, Charles Romeo, has been and may in the future be prevented from attending to his usual and customary wants, duties, toils, labors, occupations and avocations, thereby foregoing the pleasures and emoluments attendant thereto, all to his great detriment and loss.

13.    By reason of the aforesaid, the plaintiff, Charles Romeo has and may in the future be required to expend various sums of money in an endeavor to treat and cure himself of his aforesaid injuries, all to his great detriment and loss.

WHEREFORE, plaintiff, Charles Romeo, demands judgment against defendant for an amount not in excess of $50,000.00

HOWARD A. TAYLOR, LLC

BY:     S/ DEAN I. ORLOFF
        Dean I. Orloff, Esquire

Case ID: 130200868

## CERTIFICATE OF SERVICE

I, LAWRENCE M. KELLY, ESQUIRE, do hereby certify that a true and correct copy of the within PETITION FOR REMOVAL was forwarded by First Class Mail, postage pre-paid on the 4th day of March, 2013 as follows:

Dean I. Orloff, Esquire
HOWARD A. TAYLOR, LLC
123 South Broad Street, Suite 1310
Philadelphia, PA  19109

LAWRENCE M. KELLY, ESQUIRE