IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| CHARLES ROMEO | CIVIL ACTION |
|---|---|
| vs. | NO. 1:13-CV-02133-JHR-AMD |
| CAESAR'S ENTERTAINMENT OPERATING COMPANY, INC. d/b/a HARRAH'S RESORT ATLANTIC CITY | |

## ORDER

AND NOW, this _____ day of _____, 2014, upon consideration of Defendant Harrah's Atlantic City Propco, LLC's (incorrectly designated as "Caesar's Entertainment Operating Company, Inc. d/b/a Harrah's Resort Atlantic City") Motion for Summary Judgment, and any Answer thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. All claims against Defendant are hereby **DISMISSED, WITH PREJUDICE**.

BY THE COURT

_____ J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES ROMEO | CIVIL ACTION |
| vs. | NO. 1:13-CV-02133-JHR-AMD |
| CAESAR'S ENTERTAINMENT OPERATING COMPANY, INC. d/b/a HARRAH'S RESORT ATLANTIC CITY | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Harrah's Atlantic City Propco, LLC (incorrectly designated as "Caesar's Entertainment Operating Company, Inc. d/b/a Harrah's Resort Atlantic City") (hereinafter referred to as "Defendant"), by and through its undersigned attorneys Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP, hereby moves this Honorable Court for Summary Judgment.

In support of its Motion, Defendant states the following:

1. This matter arises from an alleged slip and fall which allegedly took place at Defendant's casino in Atlantic City, New Jeersey on March 19, 2011.

2. Video surveillance shows that at 7:03 p.m. on March 19, 2011, an unknown patron spilled a liquid on a common walkway at Defendant's casino. A copy of video surveillance of the incident in question is attached hereto as Exhibit "A".

3. Four (4) minutes later, at 7:07 p.m., the same video surveillance shows Plaintiff slipping on the liquid spilled by the patron just four (4) minutes earlier. See Exhibit "A".

4. Plaintiff has acknowledged that the video surveillance is accurate and the liquid spilled by the patron at 7:03 p.m. caused him to fall. A copy of relevant portions of the deposition transcript of Charles Romeo is attached hereto as Exhibit "B"; See pps. 17, 23.

5. Plaintiff did not see the liquid on the floor prior to his alleged fall. See Exhibit "B", p. 24.

6. Other than the surveillance video, Plaintiff has no additional information as to how the liquid which allegedly caused him to fall got on the floor. See Exhibit "B", p. 28.

7. Defendant's in-house cleaning department, Environmental Services ("EVS"), is responsible for cleaning the public areas of the casino and has employees deployed throughout the property. They inspect and, if needed, clean the public areas. According to Patti Geraci, EVS Supervisor, an EVS attendant inspects the area where plaintiff fell every thirty (30) to forty (40) minutes. A copy of the relevant portions of the deposition transcript of Patti Geraci, EVS Supervisor, is attached hereto as Exhibit "C"; See pps. 21-22.

8. To recover for injuries suffered, in addition to establishing a defendant's duty of care, a plaintiff must also establish the defendant had actual or constructive knowledge of the dangerous condition that caused the accident. Nisivoccia v. Glass Gardens, Inc., 175 N.J. at 563, 818 A.2d 314 (2003) (citing Brown v. Racquet Club of Bricktown, 95 N.J. 280, 291, 471 A.2d 25 (1984)).

9. "Whether a reasonable opportunity to discover a defect existed will depend on both the character and duration of the defect." Brown, 95 N.J. at 291, 471 A.2d 30.

10. Plaintiff has not presented any evidence of actual notice of the unknown patron's spill four (4) minutes beforehand.

11. Also, Plaintiff has failed to establish a prima facie case of constructive notice. Simply stated, Defendant cannot possibly be expected to have constructive notice of a spill of a clear liquid within four (4) minutes.

12. Moving Defendant is entitled to judgment as a matter of law by way of Summary Judgment as the abovementioned material facts are undisputed.

**WHEREFORE**, Defendant, Harrah's Atlantic City Propco, LLC's (incorrectly designated as "Caesar's Entertainment Operating Company, Inc. d/b/a Harrah's Resort Atlantic City") respectfully requests that all claims against all Defendant be dismissed, with prejudice.

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY: _____
LAWRENCE M. KELLY, ESQUIRE
Attorney for Defendants, HARRAH'S ATLANTIC CITY PROPCO, LLC (incorrectly designated as "CAESAR'S ENTERTAINMENT OPERATING COMPANY, INC. d/b/a HARRAH'S RESORT ATLANTIC CITY")
2070 Springdale Road, Suite 400
Cherry Hill, New Jersey 08003
(856) 616-0700
**MSZL&M File No. 007770.000334**

**Dated: December 12, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES ROMEO<br><br>vs.<br><br>CAESAR'S ENTERTAINMENT<br>OPERATING COMPANY, INC. d/b/a<br>HARRAH'S RESORT ATLANTIC CITY | CIVIL ACTION<br><br>NO. 1:13-CV-02133-JHR-AMD |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

I.   **FACTUAL BACKGROUND**

This matter arises from an alleged slip and fall which allegedly took place at Defendant's casino in Atlantic City, New Jersey on March 19, 2011. Video surveillance shows that at 7:03 p.m. on March 19, 2011, a patron spilled a liquid on a common walkway in Defendant's casino. See Exhibit "A". Four (4) minutes later, at 7:07 p.m., the same video surveillance shows Plaintiff slipping on the liquid spilled by the patron four (4) minutes earlier. See Exhibit "A". Plaintiff has acknowledged that the video surveillance is accurate and the liquid spilled by the patron at 7:03 p.m. caused him to fall. See Exhibit "B", pps. 17, 23.

Plaintiff did not see the liquid on the floor prior to his alleged fall. See Exhibit "B", p. 24. Other than the surveillance video, Plaintiff has no additional information as to how the liquid which allegedly caused him to fall got on the floor. See Exhibit "B", p. 28.

Defendant's in-house cleaning department, EVS, is responsible for cleaning the public areas of the casino and has employees deployed throughout the property. They inspect and, if needed, clean the public areas. According to Patti Geraci, EVS Supervisor, an EVS attendant inspects the area where plaintiff fell every thirty (30) to forty (40) minutes. See Exhibit "C", pps. 21-22.

Defendant did not have actual or constructive notice of Plaintiff's alleged accident.

## II. LEGAL ARGUMENT

### A. Legal Standard

Defendant is entitled to summary judgment in its favor as Plaintiff cannot make out a prima facie case of negligence. Summary judgment is appropriate if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Jacobs Instructors, Inc. v. NPS Energy Services, Inc., 264 F. 3d 365, 369 (3rd Cir. 2001) (citing Fed. R. Civ. P. 56(c)). In making this determination, this Court must consider the evidence in the record in the light most favorable to the non moving party. Id.

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c). A factual dispute is material only if it might affect the outcome of the case. Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 540, 666 A.2d 146 (N.J. 1995).

### B. New Jersey Law Applies

It is well established that a district court in a diversity action will apply the choice of law rules of the forum state in determining which state's law will be applied to the substantive issues before it. Klaxon v. Stentor Electric Manufacturing Co., 313 U.S. 487 (1941). New Jersey law applies in this instance. The incident in question occurred in New Jersey and the this action is venued in New Jersey.

### C. Plaintiff's Claims Should Be Dismissed As A Matter Of Law Because Defendant Did Not Have Notice of the Alleged Defective Condition.

In any case founded upon negligence, the plaintiff must establish that defendant breached a duty of reasonable care, which constituted a proximate cause of the plaintiff's injuries. Hansen v. Eagle-Picher Lead Co., 8 N.J. 133, 139-40, 84 A.2d 281 (1951). "In general, '[b]usiness owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is in the scope of the invitation.' " Stelluti v. Casapenn Enters., LLC, 408 N.J.Super. 435, 446, 975 A.2d 494 (App.Div.2009) (quoting Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563, 818 A.2d 314 (2003)), aff'd 203 N.J. 286, 1 A.3d 678 (2010).

To recover for injuries suffered, in addition to establishing a defendant's duty of care, a plaintiff must also establish the defendant had actual or constructive knowledge of the dangerous condition that caused the accident. Nisivoccia, supra, 175 N.J. at 563, 818 A.2d 314 (citing Brown v. Racquet Club of Bricktown, 95 N.J. 280, 291, 471 A.2d 25 (1984)). "An inference [of negligence] can be drawn only from proved facts and cannot be based upon a foundation of pure conjecture, speculation, surmise or guess." Long v. Landy, 35 N.J. 44, 54, 171 A.2d 1 (1961).

"Proof of a fall alone would not be adequate to create an inference of negligence...." Simpson v. Duffy, 19 N.J.Super. 339, 343, 88 A.2d 520 (App.Div.) (citations omitted), certif. denied, 10 N.J. 315, 91 A.2d 230 (1952). This is because the mere existence of a dangerous condition does not, in and of itself, establish actual or constructive notice. Arroyo, supra, 433 N.J.Super. at 243, 78 A.3d 584 (citing Sims v. City of Newark, 244 N.J.Super. 32, 42, 581 A.2d 524 (Law Div.1990)). Liability for injuries caused by premises defects is imposed when a plaintiff establishes a defendant knew or had the reasonable opportunity to discover and correct the defect. Brown, supra, 95 N.J. at 291, 471 A.2d at 30. "Whether a reasonable opportunity to discover a defect existed will depend on both the character and duration of the defect." Id.

No evidence exists which can even suggest that Defendant had actual notice of the alleged defect at issue. Specifically, no evidence has been provided that Defendant knew that that liquid was on the floor at the time of Plaintiff's alleged fall.

Further, Defendant did not have constructive notice of Plaintiff's alleged fall. Video surveillance shows that at 7:03 p.m. on March 19, 2011, a patron spilled a liquid in a common walkway at Defendant's casino. See Exhibit "A". Four (4) minutes later at 7:07 p.m., video surveillance shows Plaintiff slipping on the liquid spilled by the patron four (4) minutes earlier. See Exhibit "A". Plaintiff has acknowledged that he fell on the liquid spilled by the patron. See Exhibit "B", pps. 17, 23. Simply stated, as a matter of law, Defendant cannot be held to have been on constructive notice within a four minute span of time. Further, Defendant's cleaning department, EVS, specifically handles cleaning spills and it inspects the area where the incident in question occurred every thirty (30) to forty (40) minutes. See Exhibit "C", pps. 21-22. Therefore, Defendant had

a protocol in place to counteract spills so Plaintiff cannot argue that Defendant failed to regularly inspect the area of his alleged fall. The case at bar is a prime example as to why the concept of notice exists because it is unreasonable to expect a business to be on notice of a spill within four (4) minutes.

### III. CONCLUSION

For all of the foregoing reasons, as also set forth in the accompanying Motion, and based on the authorities cited, Defendant, Harrah's Atlantic City Propco, LLC requests that its Motion for Summary Judgment be granted.

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY: _____
LAWRENCE M. KELLY, ESQUIRE
Attorney for Defendants, HARRAH'S ATLANTIC CITY PROPCO, LLC (Incorrectly designated as "CAESAR'S ENTERTAINMENT OPERATING COMPANY, INC. d/b/a HARRAH'S RESORT ATLANTIC CITY")
2070 Springdale Road, Suite 400
Cherry Hill, New Jersey 08003
(856) 616-0700
**MSZL&M File No. 007770.000334**

**Dated: December 12, 2014**